

May 12, 2026

<u>**Via ECF**</u>

The Honorable Lewis A. Kaplan
United States District Court, Southern District of New York
Courtroom 21B
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Souper Products, LLC v. The Individuals, Corporations, et al.,*
              Case No. 1:26-cv-03757-LAK

Dear Judge Kaplan:

We represent Plaintiff, Souper Products, LLC ("<u>Plaintiff</u>"), in the above-referenced matter. On May 8, 2026, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 22, the "<u>Order</u>") granting Plaintiff's *ex parte* application for temporary restraints and scheduling a hearing for May 14, 2026, on Plaintiff's request for the issuance of a preliminary injunction. The May 14 hearing is the next scheduled hearing in this matter.

We respectfully request that the Court enter:

1. A fourteen (14) day extension of Defendants' deadline to file opposing papers to Plaintiff's request for the issuance of a preliminary injunction, from May 12, 2026, to May 26, 2026;

2. A fourteen (14) day adjournment of the preliminary injunction hearing, from May 14, 2026, to May 28, 2026; and

3. An extension of the temporary restraints imposed by the Order until the new hearing date pursuant to Rule 65(b)(2).

As explained in more detail below, pursuant to the Order, Plaintiff has not yet received Defendants' identifying information from the online marketplace platforms.

This will be the first extension and adjournment of these dates. No defendant has appeared in this matter. There are no other existing deadlines.

**<u>Extension of Deadline and Adjournment of Hearing Date</u>**

As noted in our application for the Order, Defendants in this case are actively marketing and selling products that infringe upon Plaintiff's intellectual property rights. Defendants are made up of persons and entities that hide their true identities behind various usernames, through which they sell infringing products using online marketplace platforms such as Amazon, eBay, Shein,



Honorable Lewis A. Kaplan
May 12, 2026
Page 2

Temu and Walmart. As a result, and to protect Plaintiff's rights, the Court authorized service by electronic mail within five days after the Financial Institutions' compliance with the relevant provisions of the Order. *See* Order at 9, ¶¶ 7-8.

As detailed in our initial application, "if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds," and are also "likely to destroy, move, hide, or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, distribution, offering for sale, and/or sale of the Counterfeit Products." *See* Order at 4, ¶¶ 6–7. At the same time, Plaintiff recognizes that service and notice is essential to ensuring that Defendants have access to the full record before the preliminary injunction hearing. In that regard, the Order also directed the online marketplace platforms to provide expedited discovery concerning Defendants to Plaintiff, including contact information, to enable Plaintiff to effectuate service of the documents in this case. *See* Order at 8, ¶ 6.

Plaintiff served the online marketplace platforms with the Order on May 8, 2026. To date, not all of the marketplace platforms have provided contact information for Defendants sufficient to complete e-mail service. In particular, Plaintiff is waiting on expedited discovery, including contact information regarding the Defendants, from Amazon, eBay, Shein, and Walmart, and have not received clarity on when those marketplace platforms will produce that discovery.

Thus, to ensure Defendants can review and respond to Plaintiff's filings in a timely manner, we respectfully request the Court extend Defendants' deadline to respond to the Order from May 12, 2026, to May 26, 2026, and adjourn the preliminary injunction hearing from May 14, 2026, to May 28, 2026.[1]

**<u>Extension of Temporary Restraints</u>**

The Temporary Restraining Order is currently set to expire on May 22, 2026. *See* Order at 10. If the temporary restraints dissolve before Plaintiff can be heard on its preliminary injunction application, there is a substantial risk (as detailed in the moving papers) that Defendants (who will by then be on notice of these proceedings) will hide their assets and other relevant information before preliminary restraints can be imposed.

We respectfully submit that the foregoing constitutes "good cause" under Rule 65(b)(2) to extend the temporary restraints for a short period of time. Thus, to ensure that the relief provided in the Order is not rendered moot, and to protect Plaintiff's rights pending the return date of the

---

[1] Alternatively, if the Court wishes not to adjourn the May 14th hearing, Plaintiff's counsel respectfully requests that the hearing be moved from 3:00 pm to 3:30 pm or later that afternoon, as the undersigned counsel has a previously-scheduled hearing at 2:30 pm that day.



Honorable Lewis A. Kaplan
May 12, 2026
Page 3

Order, we respectfully request that the Court continue the relief set forth in the Order until after the adjourned hearing date on Plaintiff's preliminary injunction application.

Defendants will not be unduly prejudiced by this request. In the first instance, Defendants have no right to engage in the infringing activity at issue. Moreover, we are requesting an adjournment of only fourteen (14) days, giving Defendants the ability to quickly seek relief if they are so entitled.

We would be happy to provide more information or to make ourselves available to discuss this matter further, if necessary. We thank the Court for its time and attention to this matter.

Very truly yours,

BOIES SCHILLER FLEXNER LLP

*/s/ Christopher Tom*
Christopher Tom